IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| MARIE SHELTON, <br><br> Plaintiff, <br><br> v. <br><br> BRENDA D. BURCH, <br><br> BURIN, LLC, <br><br> EINABUS, LLC, <br><br> and <br><br> UDALA, LLC, <br><br> Defendants. | Case No: |

## COMPLAINT

Plaintiff, Marie Shelton, by and through counsel of record Taylor L. Connolly and Richard W. James of DeVaughn James Injury Lawyers asserts the following in support of her Complaint against Defendants:

## PARTIES

1. Plaintiff, Marie Shelton, is a resident and citizen of the State of Florida.

2. Defendant, Burin, LLC is a limited liability company organized and existing under the laws of the State of Kansas, with its sole member being the Khmous Revocable Family Trust, whose trustee, Mohanad Khmous, is a resident and citizen of the State of Kansas.

3. Defendant Burin, LLC is therefore a citizen of the State of Kansas and may

be served with service upon its Registered Agent Mark Ayesh at the address of 8100 E. 22nd ST. N, Bldg 2300, Suite 2, Wichita, KS 67226.

4. Defendant, Einabus, LLC is a limited liability company organized and existing under the laws of the State of Kansas, with its sole member being the Khmous Revocable Family Trust, whose trustee, Mohanad Khmous, is a resident and citizen of the State of Kansas.

5. Defendant Einabus, LLC is therefore a citizen of the State of Kansas and may be served with service upon its Registered Agent Mark Ayesh at the address of 8100 E. 22nd St. N, Bldg 2300, Suite 2, Wichita, KS 67226.

6. Defendant, Udala, LLC is a limited liability company organized and existing under the laws of the State of Kansas, with its sole member being the Khmous Revocable Family Trust, whose trustee, Mohanad Khmous, is a resident and citizen of the State of Kansas.

7. Defendant Udala, LLC is therefore a citizen of the State of Kansas and may be served with service upon its Registered Agent Mark Ayesh at the address of 8100 E. 22nd St. N, Bldg 2300, Suite 2, Wichita, KS 67226.

8. Defendant, Brenda D. Burch, is a resident and citizen of the State of Nebraska and may be served at Defendant's residence at 222 Saratoga Circle, Grand Island, NE 68801.

**JURISDICTION AND VENUE**

9. This Court has proper jurisdiction and venue over the parties and subject matter of this action in so far as no plaintiff is a citizen of the same state as any named defendant, and the amount in controversy exceeds $75,000.00

exclusive of interest and costs. *See* 28 U.S.C. 1332(a).

## FACTS COMMON TO ALL COUNTS

10. On or about May 20, 2023, Defendant Brenda Burch was operating a motor vehicle owned by Defendant Einabus and was involved in a motor vehicle collision with Plaintiff, Marie Shelton.

11. More specifically, on May 20, 2023, Defendant Burch failed to yield the right of way at the intersection of Eisenhower Drive and West 8th Street in Junction City, Kansas and pulled in front of Plaintiff Marie Shelton's vehicle, resulting in a motor vehicle collision.

12. At the time of the May 20, 2023 motor vehicle collision, and upon information and belief, Defendant Burch was operating her motor vehicle in the course and scope of her employment for Defendant Burin.

13. At the time of the May 20, 2023 motor vehicle collision, and upon information and belief, Defendant Burch was operating her motor vehicle in the course and scope of her employment for Defendant Einabus.

14. At the time of the May 20, 2023 motor vehicle collision, and upon information and belief, Defendant Burch was operating her motor vehicle in the course and scope of her employment for Defendant Udala.

15. Plaintiff suffered injuries as a direct result of the collision caused by Defendant Burch.

## COUNT I - NEGLIGENCE

16. Plaintiff incorporates by reference all of the preceding Paragraphs as if fully set forth herein.

17. Defendant Burch negligently caused the collision with Plaintiff.

18. Specifically, Defendant Burch was careless and negligent as follows:

    a. Failure to yield the right of way;

    b. Inattentive operation of a motor vehicle;

    c. Failure to keep a proper lookout;

    d. Failure to use ordinary care;

    e. Failure to give warning;

    f. Failure to take evasive action;

    g. Careless driving; and

    h. Other negligent actions and/or omissions to be supplemented after discovery.

19. Upon information and belief, Defendant Burch was employed by Defendant Burin and/or Einabus and/or Udala at the time of the collision.

20. Upon information and belief, Defendant Burin and/or Einabus and/or Udala supplied Defendant Burch with a vehicle owned by Defendant Einabus to perform her duties within the course and scope of her employment for Defendant Burin and/or Einabus and/or Udala at the time of the collision.

21. Based on the doctrine of vicarious liability and *respondeat superior*, Defendant Burch's actions and inactions are the actions and inactions of Defendant Burin and/or Einabus and/or Udala.

22. As a result of Defendants' negligence, Plaintiff sustained personal injuries. Plaintiff's damages include past and future medical expenses; other past and future economic damages; and past and future non-economic damages,

including pain, suffering, and mental anguish.

## **COUNT II – NEGLIGENCE *PER SE***

23. Plaintiff incorporates by reference all of the preceding Paragraphs as if fully set forth herein.

24. Defendant Burch did not stop at her posted stop sign and did not yield the right-of-way to Plaintiff.

25. Defendant Burch's negligence constitutes negligence per se for violating K.S.A. 8-1528(b), which states "…every driver of a vehicle approaching a stop sign shall stop…After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection…"

26. Upon information and belief, Defendant Burch was employed by Defendants Burin and/or Einabus and/or Udala at the time of the collision.

27. Upon information and belief, Defendant Burin and/or Einabus and/or Udala provided and/ or supplied Defendant Burch with the vehicle she was operating at the time of the collision to perform her duties within the course and scope of her employment at the time of the collision.

28. Based on the doctrine of vicarious liability and *respondeat superior*, Defendant Burch's actions and inactions are the actions and inactions of Defendant Burin and/or Einabus and/or Udala.

29. As a result of Defendants' negligence, Plaintiff sustained personal injuries. Plaintiff's damages include past and future medical expenses; other past and future economic damages; and past and future non-economic damages, including pain, suffering, and mental anguish.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs herein, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

DeVaughn James Injury Lawyers

By: */s/ Taylor L. Connolly*
    Taylor L. Connolly, 26653
    Richard James, 19822
    1064 SW Wanamaker Rd.
    Topeka, KS 66604
    Telephone: 316-888-8888
    tconnolly@devaughnjames.com
    rjames@devaughnjames.com
    *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

>Respectfully submitted,
>
>DeVaughn James Injury Lawyers
>
>By: */s/ Taylor L. Connolly*
>Taylor L. Connolly, 26653
>Richard James, 19822
>1064 SW Wanamaker Rd.
>Topeka, KS 66604
>Telephone: 316-888-8888
>tconnolly@devaughnjames.com
>rjames@devaughnjames.com
>*Attorneys for Plaintiffs*